UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
INFINITY CONSULTING GROUP, LLC, INFINITY
CONSULTING GROUP LATIN AMERICA, APS/BOTAL
STAFFING INC., ICG OF AMERICA LLC, LUIGI
FORINO AND ADAM FOX,

               Plaintiffs,

   -against-                      MEMORANDUM AND ORDER
                                    09-CV-1744(JS)(WDW)

AMERICAN CYBERSYSTEMS, INC., RAJIV
SARDANA, AND NICK GOEL

               Defendants.
----------------------------------------X

APPEARANCES:

For Plaintiffs:     James K. Haney, Esq.
                   A. Wesley Bridges, Esq.
                   Wong & Fleming, P.C.
                   821 Alexander Road, P.O.Box 3663
                   Princeton, NJ 08543-3663

For Defendants:     Kevin C. Watters, Esq.
                   McGuireWoods LLP
                   1170 Peachtree Street, NE, Suite 2100
                   Atlanta, GA 30309

                   Manuel Yanez, Esq.
                   McGuire Woods LLP
                   1345 Avenue of the Americas, Seventh Floor
                   New York, NY 10105

SEYBERT, District Judge:

        On April 29, 2009, Plaintiffs filed suit against Defendants, alleging breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment and fraud. The Complaint asserted subject matter jurisdiction based upon diversity. Compl. ¶ 10. But, on its face, the Complaint fails to

properly plead diversity jurisdiction. Consequently, the Court dismisses Plaintiffs' Complaint sua sponte, with leave to re-plead.

DISCUSSION

For diversity purposes, a limited liability company is a citizen of every state that its members are citizens of. See Handelsman v. Bedford Village Associates Ltd. Partnership, 213 F.3d 48, 51 (2d Cir. 2000); Castillo Grand LLC v. Sheraton Operating Corp., 09-CV-7197, 2009 WL 4667104, *1 (S.D.N.Y. 2009). Here, at least two Plaintiffs, Infinity Consulting Group, LLC and ICG of America, LLC, are limited liability companies. Compl. ¶¶ 1, 4. The Complaint identifies where these entities reside. But the Complaint does not plead the citizenships of these entities' members. In so doing, the Complaint fails to plead diversity jurisdiction. See Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc., 87 F.3d 44, 47 (2d Cir. 1996) (complaint that fails to plead citizenship of relevant parties does not properly assert diversity jurisdiction). Consequently, the Court must dismiss the Complaint sua sponte. See, e.g., Fed. R. Civ. P. 12(h)(3); Book v. Mortgage Elec. Reg. Sys., 608 F. Supp. 2d 277, 290 (D.Conn. 2009) (sua sponte dismissing for failure to plead complete diversity); Faraldo v. Kessler, 08-CV-0261, 2008 WL 216608, *6 (E.D.N.Y. 2008) (same); Mackason v. Diamond Financial LLC, 347 F. Supp. 2d 53, 55-56 (S.D.N.Y. 2004) (sua sponte dismissing for failure to allege citizenship of all limited liability company members).

2

## CONCLUSION

Plaintiffs' Complaint is DISMISSED <u>sua sponte</u>. Plaintiffs have leave to file an Amended Complaint within thirty (30) days that properly pleads diversity jurisdiction. If Plaintiffs fail to file such an Amended Complaint within thirty days, the Clerk of the Court is directed to mark this matter as CLOSED.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
February 3, 2009