```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
INFINITY CONSULTING GROUP, LLC, INFINITY
CONSULTING GROUP LATIN AMERICA, APS/BOTAL
STAFFING INC., ICG OF AMERICA LLC, LUIGI
FORINO AND ADAM FOX,

                        Plaintiffs,

     -against-                              MEMORANDUM AND ORDER
                                            09-CV-1744(JS)(WDW)
AMERICAN CYBERSYSTEMS, INC., RAJIV
SARDANA, AND NICK GOEL,

                        Defendants.
----------------------------------------X
APPEARANCES:
For Plaintiffs:    James K. Haney, Esq.
                   A. Wesley Bridges, Esq.
                   Wong & Fleming, P.C.
                   821 Alexander Road
                   P.O. Box 3663
                   Princeton, NJ 08543-3663

For Defendants:    Kevin C. Watters, Esq.
                   McGuireWoods LLP
                   1170 Peachtree Street, NE, Suite 2100
                   Atlanta, GA 30309

                   Manuel Yanez, Esq.
                   McGuire Woods LLP
                   1345 Avenue of the Americas, Seventh Floor
                   New York, NY 10105
```

SEYBERT, District Judge:

On April 29, 2009, Plaintiffs filed suit against Defendants, alleging breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment and fraud. Defendants Rajiv Sardana and Nick Goel ("Individual Defendants") answered the Complaint but asserted personal jurisdiction defenses.

On February 3, 2010, the Court dismissed the Complaint sua sponte due to a pleading defect concerning this Court's subject matter jurisdiction. On February 4, 2010, Plaintiffs filed an Amended Complaint which corrected this defect, but was otherwise substantively similar. The Individual Defendants answered the Amended Complaint on February 18, 2010, asserting personal jurisdiction defenses, then moved to dismiss for lack of personal jurisdiction on February 24, 2010. For the foregoing reasons, Defendant Sardana's motion is DENIED but Defendant Goel's motion is GRANTED.

## DISCUSSION

### I. Standard Of Review

On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing that the court has jurisdiction over the defendant. Metro. Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 566 (2d Cir. 1996). In deciding a question of personal jurisdiction, district courts must conduct a two part analysis, looking first to the state's long arm statute and then analyzing whether jurisdiction comports with federal due process. Mario Valente Collezioni, Ltd. v. Confezioni Semeraro Paolo, S.R.L., 264 F.3d 32, 37 (2d Cir. 2001). The two part analysis is sequential; if the district court finds no basis for long arm jurisdiction, it need not engage in a federal due process analysis.

Bensusan Rest. Corp. v. King, 126 F.3d 25, 27 (2d Cir. 1997).

II. Alleged Forfeiture Of Personal Jurisdiction Defense

Plaintiffs principally argue that the Individual Defendants waived their jurisdictional defenses by "twice answer[ing]," waiting too long before moving to dismiss, and by participating in discovery.[1] The Court disagrees. As an initial matter, the Individual Defendants' answers did not forfeit their personal jurisdiction defenses because the answers expressly raised personal jurisdiction as a defense. See Fed. R. Civ. P. 12(h)(1)(B)(ii);

The gap in time is somewhat more troubling. The Individual Defendants let this litigation proceed for nearly ten months before moving to dismiss, and for more than eight months after they answered the initial Complaint. This is far from ideal. For, while "the passage of time alone is generally not sufficient to indicate forfeiture of a procedural right, the time period provides the context in which to assess the significance of the defendant's conduct, both the litigation activity that occurred and the opportunities to litigate the jurisdictional issue that were

---

[1] Plaintiffs also argue that the Individual Defendants' motion should be denied because they failed to include a "notice of motion" and "supporting affidavits." The Court rejects this argument. The Individual Defendants' memorandum of law clearly and succinctly sets forth the purported grounds for relief, and does not depend on any outside evidence. As such, there was no need to file a notice of motion or any supporting affidavits.

3

forgone." Hamilton v. Atlas Turner, 197 F.3d 58, 61 (2d Cir. 1999). Thus, the longer a party delays before moving to dismiss, the more likely it is that the party has forfeited its right to obtain dismissal on jurisdictional grounds. Indeed, courts have found forfeiture when litigants waited as little as four months before moving based on jurisdictional defects. See Datskow v. Teledyne, Inc., 899 F.2d 1298, 1303 (2d Cir. 1990).

That being said, Plaintiffs have not met their burden in showing forfeiture here. Typically, courts have found forfeiture only if the party waited years before moving or engaged in substantial pre-trial activity.[2] Conversely, courts have generally declined to find forfeiture when a party waited only months, absent significant pre-trial activity. For example, in Phat Fashions, L.L.C. v. Phat Game Athletic Apparel, Inc., 00-CV-0201, 2001 WL 1041990, *3-4 (S.D.N.Y. 2001), the Court found that, "while regrettable," the defendant's thirteen month delay before moving did not suffice to

---

[2] See, e.g., Hamilton v. Atlas Turner, 197 F.3d 58, 61 (2d Cir. 1999) (four years and "[c]onsiderable pretrial activity"); Mahar v. U.S. Xpress Enterprises, Inc., 06-CV-1297, 2010 WL 681342, *3-4 (N.D.N.Y. 2010) (33 months during which time party filed motions, attended court conferences, participated in discovery, and was deposed); Rosendale v. Mahoney, 05-CV-1966, 2008 WL 2061266, *4-5 (S.D.N.Y. 2008) (approximately two year delay, and parties completed discovery); Ahern v. Neve, 285 F. Supp. 2d 317, 321 (E.D.N.Y. 2003) (two years); In re Complaint of Rationis Enterprises, Inc. of Panama, 210 F. Supp. 2d 421, 426-427 (S.D.N.Y. 2002) (nearly two years, while participating in "full discovery").

forfeit its personal jurisdiction.³ Here, the Individual Defendants waited less than ten months. And, while Plaintiffs do vaguely purport that the Individual Defendants "participated in the discovery process," Plaintiffs provide nothing to indicate what, exactly, this participation consisted of. Thus, Plaintiffs have not shown that the Individual Defendants have, in fact, forfeited their personal jurisdiction defenses through delay or active participation in this case.

III. Consent Through Contract

Plaintiffs' terse opposition brief does not assert that personal jurisdiction exists on any other grounds. Nevertheless, in the interests of justice, the Court has reviewed Plaintiffs' Amended Complaint and the exhibits attached thereto. And, considering these materials, the Court finds that Plaintiffs have met their burden as to Defendant Sardana, but not as to Defendant Goel.

Specifically, the Amended Complaint alleges that Defendant Sardana fraudulently induced Plaintiffs to enter into a contract for the purchase of a New York company's "ICG Division" by falsely representing to Plaintiffs that he intended to hire five additional full-time employees in the division's New York/New Jersey

---

³ See also In re Helicopter Crash Near Wendle Creek, British Columbia on August 8, 2002, 485 F. Supp. 2d 47, 51-52 (D. Conn. 2007) (four month delay).

5

offices, thereby likely increasing the contract's "earn out" payments. Compl. ¶¶ 14-17. The Complaint further alleges that Defendant Sardana "execut[ed]" the contract. Compl. ¶ 15. And, while the signature is somewhat illegible, the contract appears to indicate that Defendant Sardana did, in fact, execute the contract on Defendant American Cybersytems' ("ACS") behalf. See Docket No. 23 at 61 (signature of ACS' "CEO & President); Compl. ¶ 8 (identifying Defendant Sardana as ACS' President). This contract expressly states that it is governed by New York law. See Docket No. 23 at 58. And, in the contract, the parties consented to jurisdiction in the Eastern District of New York. Id.

Thus, taking the Complaint and the contract together, Plaintiffs have sufficiently alleged that Defendant Sardana fraudulently induced Plaintiffs to enter into a New York contract, with a non-exclusive New York forum selection clause, to purchase a New York company with a New York office, and that Defendant Sardana then executed that contract on ACS' behalf. In so doing, Plaintiffs have met their burden in showing that Defendant Sardana is "closely related" enough to the contract such that he is bound by the contract's forum selection clause and thus consented to jurisdiction in the E.D.N.Y.[4] Likewise, Plaintiffs have shown that Defendant

---

[4] Nanopierce Technologies, Inc. v. Southridge Capital Management LLC, 02-CV-0767, 2003 WL 22882137, *5-6 (S.D.N.Y. 2003) (imposing forum

Sardana transacted business in New York that is sufficiently related to this litigation's claims. See Humitech Development Corp. v. Comu, 847 N.Y.S.2d 896 (Table), 2007 WL 2004175, *8 (N.Y. Sup. Ct., N.Y. County 2007) (personal jurisdiction under N.Y. C.P.L.R. 302(a)(1) proper over non-resident defendant who fraudulently induced a New York contract relating to purchase of a New York franchise). Accordingly, even absent Defendant Sardana's consent, New York could exercise long-arm jurisdiction over him that is consistent with federal due process requirements.

Plaintiffs do not, however, sufficiently assert jurisdiction against Defendant Goel. Defendant Goel did not sign the contract on ACS' behalf. And Defendant Goel is only ACS' Controller, not its President. Compl. ¶ 9. Thus, Defendant Goel is not "closely related" enough to the contract to come within the contract's forum selection clause. See Shea Development Corp. v. Watson, 07-CV-11201, 2008 WL 762087, *2-3 (S.D.N.Y. 2008). Likewise, Defendant Goel did not fraudulently induce a New York contract to purchase a New York company with a New York office. Rather, at most, he sent an e-mail to some unspecified destination that, supposedly, falsely represented ACS' compliance with the

---

selection clause against corporation's Chief Financial Officer, because claims against him were "integrally related" to fraudulent inducement claim against corporation); see also Thibodeau v. Pinnacle FX Investments, 08-CV-1662, 2008 WL 4849957, *5 (E.D.N.Y. 2008).

7

contract. Compl. ¶ 23. Plaintiffs do not expressly claim that this e-mail subjects Defendant Goel to jurisdiction under New York's long-arm statute. And, under these circumstances, the Court will not find jurisdiction sua sponte. Consequently, Plaintiffs have failed to meet their jurisdictional burden with respect to Defendant Goel.

## CONCLUSION

The Individual Defendants' motion to dismiss for lack of personal jurisdiction is DENIED as to Defendant Sardana and GRANTED as to Defendant Goel. All claims against Defendant Goel are hereby DISMISSED.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
May   30  , 2010